## In re WIRELESS TELEPHONE FEDERAL COST RECOVERY FEES LITIGATION

### No. 1559.

Judicial Panel on Multidistrict Litigation.

### Nov. 13, 2003.

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, BRUCE M. SELYA, JULIA SMITH GIBBONS, D. LOWELL JENSEN, J. FREDERICK MOTZ and ROBERT L. MILLER, Jr.,* Judges of the Panel.

### *TRANSFER ORDER*

WM. TERRELL HODGES, Chairman.

This litigation presently consists of the seven actions listed on the attached Schedule A and pending in five districts as follows: two actions each in the Western District of Missouri and the Western District of Tennessee, and one action each in the Northern and Southern Districts of Florida and the Eastern District of Pennsylvania.[1] All twelve defendants variously

---

* Judge Miller took no part in the decision of this matter.

1. The Section 1407 motion as originally filed with the Panel pertained to seven additional

sued in the MDL–1559 actions [2] move the Panel, pursuant to 28 U.S.C. § 1407, for centralization of the actions in the Western District of Missouri or, alternatively, the Northern District of Illinois. Subsequently, some, but not all, of the movants have sought to withdraw their motion with respect to one of the Western District of Missouri actions (*Blando*) in which a class settlement has now been submitted to the court for approval. Plaintiffs in all seven actions currently subject to the Section 1407 motion, as well as plaintiffs in nine of the potential tag-along actions, *supra* note 1, oppose transfer. If the Panel determines to order transfer over their objections, then plaintiffs in five of the seven actions subject to the Section 1407 motion (all but the two Western District of Missouri actions) and the responding potential tag-along action plaintiffs would favor selection of the Northern District of Ohio as transferee district.

◼ On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact and that centralization in the Western District of Missouri will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All MDL–1559 actions present common, complex legal and factual questions concerning the disclosure and/or propriety of line-item fees charged by wireless telephone service providers to customers for recovering the costs of complying with one or more federally mandated telecommunication programs. Plaintiffs challenge essentially the same billing conduct and seek relief on behalf of frequently commonly defined (if sometimes geographically separate) plaintiff classes. Centralization under Section 1407 with respect to these actions is thus necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (especially with respect to overlapping class certifications), and conserve the resources of the parties, their counsel and the judiciary. Given that *Blando* is pending in the district that we have selected as transferee forum, we decline to grant the request of some of the movants to withdraw it from this docket. The transferee judge is in a far better position to

actions: *Mark Leverett v. Nextel Communications, Inc.*, E.D. Arkansas, C.A. No. 4:03–430; *Matthew Rasic v. Nextel Communications, Inc., et al.*, C.D. California, C.A. No. 2:03–4075; *Dennis Gregory v. Sprint Spectrum, L.P.*, S.D. California, C.A. No. 3:03–676; *Dynamic Network Support, LLC v. Nextel Communications, Inc.*, S.D. Florida, C.A. No. 0:03–61125; *Barry Grimson v. Sprint Corp., et al.*, S.D. Florida, C.A. No. 9:03–80523; *Steven D. Solomon, et al. v. Sprint Spectrum L.P.*, N.D. Ohio, C.A. No. 1:03–1170; and *Frank Cherry, et al. v. Sprint Spectrum L.P.*, S.D. Texas, C.A. No. 7-03-80. The request for transfer with respect to these actions is now moot because the Arkansas action has been dismissed and the remaining six actions have been remanded to state court. The Panel has also been notified of eighteen related actions pending as follows: five actions in the Northern District of Illinois; two actions each in the District of Massachusetts and the Eastern and Southern Districts of New York, and one action each in the Eastern District of Arkansas, the Central and Northern Districts of California, the District of Connecticut, the Middle District of Florida, the Southern District of Florida, and the Eastern District of Pennsylvania. In light of the Panel's disposition of this docket, these actions will be treated as potential tag-along actions in accordance with the Panel's Rules. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

2. Nextel Communications, Inc., Nextel Communications, Nextel of California, Inc., Nextel Operations, Inc., Nextel Partners Operating Corp., Nextel Retail Stores, Inc., Nextel South Corp., Nextel West Corp., Nextel West Services, L.L.C., Sprint Spectrum L.P., Sprint International Communications Corp., and Sprint Corp.

determine what degree of continuing coordination *Blando* requires with the other MDL–1559 actions, now that a tentative settlement has been reached in *Blando*.

Plaintiffs suggest that a decision in their favor on pending motions to remand to state court may obviate the need for transfer. We note, however, that such motions can be presented to and decided by the transferee judge. *See, e.g., In re Ivy,* 901 F.2d 7 (2nd Cir.1990). Such an approach here has the additional advantage of streamlining treatment of the remand issue.

■ In concluding that the Western District of Missouri is an appropriate forum for this docket, we note that 1) the first-filed and furthest advanced actions, including one in which a nationwide class settlement is now pending, have been brought in that district; 2) the district is within the metropolitan area in which is located the headquarters of a principal MDL–1559 defendant group, Sprint Corp. and its affiliates, and thus significant discovery of witnesses and documents is likely to occur there; and 3) the Missouri forum is an accessible, geographically central district that i) does not currently have any other MDL assignment, and ii) is equipped with the resources that this complex docket is likely to require.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the attached Schedule A and pending outside the Western District of Missouri are transferred to the Western District of Missouri and, with the consent of that court, assigned to the Honorable Fernando J. Gaitan, Jr., for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

## SCHEDULE A

*MDL–1559—In re Wireless Telephone Federal Cost Recovery Fees Litigation*

*Northern District of Florida*

*Susan Martelli, et al. v. Nextel South Corp., et al.,* C.A. No. 4:03–173

*Southern District of Florida*

*Daniels & Daniels, PA v. Nextel South Corp.,* C.A. No. 9:03–80518

*Western District of Missouri*

*Greg Benney v. Sprint International Communications Corp., et al.,* C.A. No. 2:02–4269

*Joseph A. Blando, et al. v. Nextel Retail Stores, Inc.,* C.A. No. 4:02–921

*Eastern District of Pennsylvania*

*Seth Lamb v. Nextel Communications,* C.A. No. 2:03–3501

*Western District of Tennessee*

*Steve Strange v. Nextel Communications, et al.,* C.A. No. 2:03–2428

*James Edward Campbell v. Sprint Spectrum, LP,* C.A. No. 2:03–2438